## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION

| | |
|---|---|
| **EDDIE FRANKLIN,** | **Civil Action No.:** |
| Plaintiff, | |
| | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **vs.** | |
| **PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,** | |
| Defendant. | |

## COMPLAINT

### I.     INTRODUCTION

1.     This is an action for statutory damages brought by Plaintiff, Eddie Franklin, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.     JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

1

### III. PARTIES

3.　　Plaintiff, Eddie Franklin, is a natural person with a permanent residence in Lexington, Fayette County, Kentucky 40511.

4.　　Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5.　　Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6.　　The debt that Defendant is attempting to collect on is an alleged student loan, either Federal or private.

7.　　In April of 2013, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff at their place of employment at phone number

859-299-8559, after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8.     In April of 2013, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff at her cell phone 859-806-2950 and threatened to garnish Plaintiff's wages.  The phone number this threat was placed from was 209-858-3500.

9.     Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

10.    Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

11.    The representations made to Plaintiff by Defendant regarding garnishment were false.

12.    The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

13.    Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

3

## V.   CLAIM FOR RELIEF

14.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15.   Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)   Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

(b)   Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

(c)   Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d)   Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when

such action is unlawful and the Defendant does not intend to
take such action; and

(e)    Defendant violated *§1692e(5)* of the FDCPA by threatening to
take action that the Defendant does not intend to take and/or the
Defendant cannot legally take; and

(f)    Defendant violated *§1692e(10)* of the FDCPA by using false
representation or deceptive means in connection with the
collection  the alleged debt.

16.    Defendant's acts as described above were done intentionally with the
purpose of coercing Plaintiff to pay the alleged debt.

17.    As a result of the foregoing violations of the FDCPA, Defendant is
liable to the Plaintiff, Eddie Franklin, for statutory damages and costs and attorney
fees.


**WHEREFORE**, Plaintiff respectfully requests that judgment be entered
against Defendant, Performant Recovery, Inc., for the following:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k.

B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

C.    Awarding Plaintiff any pre-judgment and post-judgment interest as
may be allowed under the law.

5

D.   For such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Eddie Franklin, demands trial by jury in this

action.

Dated: September 30, 2013

RESPECTFULLY SUBMITTED,


By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road,
Suite 175
Norcross, GA 30093
Tel: 678-395-7795,
Fax: 866-929-2434
shireen@hormozdilaw.com
*Attorney for Plaintiff,*
*Eddie Franklin*